The Honorable Sharon Priest Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Ms. Priest:
This is in response to your request for an opinion regarding schooling requirements for home inspectors under the Arkansas Home Inspectors Registration Act (A.C.A. §§ 17-52-101 through -106 (Supp. 1997) (referred to herein as "the Act")). You have asked for my interpretation of the language in § 17-52-103(a)(3)(D) that reads "successful completion of at least ninety (90) core hours of a real estate inspection education program." Specifically, you have inquired as to the meaning of "core hours" under this Code section. You note that the Arkansas Association of Real Estate Inspectors (AAREI) has interpreted "core hours" to mean classroom hours.
The answer to this question is not entirely clear under the Act, and in my opinion may require legislative clarification. The plain meaning of the term "core hours" does not, however, in my opinion, require that the education program consist of classroom hours.
In order to be registered as a "home inspector," the Act requires, interalia, "[e]vidence of one (1) of the following professional qualifications":
 (A) Membership or candidacy in, and adherence to the Standards of Practice and Code of Ethics of the American Society of Home Inspectors, Inc. (ASHI), the Arkansas Association of Real Estate Inspectors (AAREI), or an equivalent professional home inspection association. Persons in candidate status must provide evidence of having successfully completed the respective professional association's certification examination.
 (B) A high school diploma or its equivalent, work experience doing home inspections for at least one (1) year under the direct supervision of a registered home inspector, and completion of one hundred (100) home inspections for compensation.
 (C) Current professional registration in Arkansas as an architect, architectural engineer, mechanical engineer, or structural engineer.
 (D) A high school diploma or its equivalent, work experience doing home inspections for at least one (1) year, completion of at least twenty (20) home inspections for compensation, and successful completion of at least ninety (90) core hours of a real estate inspection education program. [Emphasis added.]
Clearly, these are intended as alternative means of evidencing one's qualifications. Certificates are issued by the Secretary of State to applicants who have complied with the registration requirements of the Act. A.C.A. § 17-52-104 (Supp. 1997).
It is also clear under the Act that the standards of practice and code of ethics of the AAREI, the American Society of Home Inspectors, or an "equivalent professional home inspection association" are intended to apply in determining the degree of care expected of a reasonably prudent home inspector. See A.C.A. §§ 17-52-101 (purpose statement) and -202 (standard of care). My review has, however, failed to yield any satisfactory evidence of legislative intent with respect to the "education program" referenced in § 17-52-103(a)(3)(D). See above. Who administers the program? Who determines whether the particular program satisfactorily evidences an applicant's professional qualifications? Is this limited to programs conducted or utilized by professional home inspection associations for their membership?
I believe these are questions that could benefit from legislative clarification. With regard to your specific question, there is no clear indication that the "education program" under § 17-52-103(a)(3)(D) must comport with any educational requirements established by a professional home inspection association for its membership. Indeed, association membership is an alternative means of evidencing one's qualifications.See A.C.A. § 17-52-103(a)(3)(A) (above). It is therefore my opinion that the plain meaning of "core hours" will likely be controlling in determining legislative intent under this subsection. See generallyMasterson v. Stambuck, 321 Ark. 391, 902 S.W.2d 803 (1995) (plain meaning presumed to reflect legislative intent). The relevant definition of the word "core" in Webster's Dictionary is:
 An arrangement of a course of studies that combines under certain basic topics material from subjects conventionally separated and aims to provide a common background for all students[.]
Webster's Seventh New Collegiate Dictionary 185 (1972).
As you can see, the requirement of classroom instruction is not reflected in this common definition. Had the legislature intended to impose such a requirement under § 17-52-103(a)(3)(D), it presumably could easily have done so. In construing the language of this provision on its face, I must conclude that "core hours" does not necessarily mean classroom hours. Legislative action would, I believe, be necessary to impose such a requirement.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh